Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff-Appellee

Bradford W. Bogan, Assistant Federal Public Defender, Maureen Scott Franco, Federal Public Defender, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant-Appellant

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Jose Cruz Adame-Hipolito appeals his 36-month sentence for illegal reentry after deportation. He asserts that his indictment did not allege that he had a prior conviction and that, therefore, his sentence under 8 U.S.C. § 1326(b) violated his due process rights by exceeding the two-year statutory maximum provided by § 1326(a).

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

The Government has filed an unopposed motion for summary affirmance, asserting that *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), forecloses Adame-Hipolito's argument. Adame-Hipolito concedes that his argument was rejected in *Almendarez-Torres* and explains that he raises it to preserve it for further review; thus, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED. The judgment is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.

Mario TORRES-SOSA, Petitioner

v.

Jefferson B. SESSIONS, III,
U.S. Attorney General,
Respondent

No. 17-60006
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Filed February 22, 2018

Jaesa Woods McLin, Nicole Tamilyn Bowyer, Riguer Silva, L.L.C., Kenner, LA, for Petitioner

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Leslie McKay, Esq., Senior Litigation Counsel, Corey Leigh Farrell, Office of Immigration Litigation, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM: *

Mario Torres-Sosa, a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of the Immigration Judge denying his request for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He contends that he has shown that he was persecuted due to his membership in a particular family group and that he fears future persecution on this basis.

We review the factual determination that an alien is not eligible for asylum, withholding of removal, or relief under the CAT under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, we may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009); *see* 8 U.S.C. § 1252(b)(4)(B). It is the petitioner's burden to demonstrate that the evidence compels a conclusion contrary to that reached by the BIA. *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005). Torres-Sosa has not met these standards.

Instead, he has shown only that he was subjected to threats, which do not show past persecution. *See Eduard v. Ashcroft*,

379 F.3d 182, 188 (5th Cir. 2004). Because Torres-Sosa's divorce removes him from the particular social group in which the alleged persecution was based, he has not shown an objectively reasonable fear of future persecution. *See Zhao*, 404 F.3d at 306. Accordingly, he has not shown that the evidence compels a conclusion contrary to that reached by the IJ and BIA on the issue whether he was entitled to asylum. *See Zhao*, 404 F.3d at 306. As Torres-Sosa has not shown that he is entitled to asylum, he concomitantly has not shown that he is entitled to withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Finally, because he has not shown that removal to Mexico will more likely than not subject him to officially sanctioned torture, he has not shown that he should receive CAT relief. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015); 8 C.F.R. § 208.18(a)(1). The petition for review is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.